UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY EUGENE VALDIVIA, | Case No. CV 15-2469 JFW(JC) |
| Petitioner, | |
| v. | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| UNKNOWN, | |
| Respondent. | |

## I.   SUMMARY

On April 3, 2015, Anthony Eugene Validivia ("petitioner"), a state inmate proceeding *pro se*, filed a document which, based on its contents, this Court construes to be a Petition for Writ of Habeas Corpus (the "Petition") challenging his conviction in Los Angeles County Superior Court.

It plainly appears from the face of the Petition and matters as to which this Court has taken judicial notice that petitioner's direct appeal of the judgment in the foregoing state case is currently pending, that petitioner's claims are unexhausted as the California Supreme Court has not yet been presented with them or addressed them, and accordingly, that petitioner is not entitled to federal habeas relief on his claims at this time.

As explained below, the Court must dismiss this action without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which requires a judge promptly to examine a federal habeas petition, and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ."

## II.  DISCUSSION

### A.  Abstention

Except under narrow circumstances, federal courts abstain from interfering with pending state criminal proceedings. See Younger v. Harris, 401 U.S. 37 (1971); see also 28 U.S.C. § 2283. Federal courts may raise Younger abstention sua sponte. See Hoye v. City of Oakland, 653 F.3d 835, 843 n.5 (9th Cir. 2011). Younger abstention is appropriate if: (1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to resolve federal questions. Dubinka v. Judges of Superior Ct., 23 F.3d 218, 223 (9th Cir. 1994) (quotations and citations omitted). In this case, all three of the Younger criteria are satisfied.

First, this Court takes judicial notice of the docket of California Court of Appeal, 2nd Appellate District, Case No. B262115, available via http://appellatecases.courtinfo.ca.gov, which reflects that petitioner filed a Notice of Appeal in such court on February 24, 2015, and that such appeal remains pending. See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts). Accordingly, it is apparent that there are ongoing state judicial proceedings – a factor which weighs in favor of abstention. See Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972) (only in most unusual circumstances is defendant entitled to have federal interposition by way of injunction or habeas corpus until after jury comes in, judgment has been appealed from and case concluded in state courts); Roberts v. Dicarlo, 296 F. Supp. 2d 1182,

1185 (C.D. Cal. 2003) (Younger abstention appropriate where petitioner's direct appeal pending in state court of appeal).

Second, states have an important interest in passing upon and correcting violations of a defendant's rights. See Roberts, 296 F. Supp. 2d at 1185 (citation omitted). Accordingly, this factor likewise weighs in favor of abstention.

Third, petitioner has an adequate opportunity in the state proceedings, including state appellate proceedings, to resolve any federal questions that may have arisen during the proceedings. See Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982) (where vital state interests involved, federal court should abstain unless state law clearly bars interposition of constitutional claims) (citations and quotations omitted); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 253 (9th Cir. 1992) (doctrine of abstention precludes party from obtaining relief in federal court simply because party disagrees with result reached by state courts); Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987) (federal court should assume state procedures will afford adequate opportunity for consideration of constitutional claims in absence of unambiguous authority to contrary). Thus, this factor also weighs in favor of abstention.

Because all of the Younger requirements are satisfied, this Court must abstain and dismiss this action unless extraordinary circumstances exist. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 n.22 (1976) (Younger abstention not discretionary once conditions met); World Famous Drinking Emporium, Inc. v. City of Tempe, 820 F.2d 1079, 1081 (9th Cir. 1987) ("When a case falls within the proscription of Younger, a district court must dismiss the federal action.") (citation omitted). Here, neither the claims asserted by petitioner, nor anything else in the record suggest the existence of extraordinary circumstances. See Younger, 401 U.S. at 45-46. Consequently, this Court must

///

abstain from considering petitioner's challenges to the state judgment in issue and dismiss this action without prejudice.

### B. Exhaustion

A federal court will not grant a state prisoner's petition for writ of habeas corpus unless it appears that the prisoner has exhausted available state remedies. 28 U.S.C. § 2254(b), (c); Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Park v. California, 202 F.3d 1146, 1150 (9th Cir.), cert. denied, 531 U.S. 918 (2000). "For reasons of federalism, 28 U.S.C. § 2254 requires federal courts to give the states an initial opportunity to correct alleged violations of its prisoners' federal rights." Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir. 1983) (citation omitted).

Exhaustion requires that the prisoner's contentions be fairly presented to the highest court of the state. Davis v. Silva, 511 F.3d 1005, 1008 (9th Cir. 2008) (citation omitted); James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam); Scott v. Schriro, 567 F.3d 573, 582 (9th Cir.) (per curiam), cert. denied, 558 U.S. 1091 (2009); Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999).

A federal court may raise a habeas petitioner's failure to exhaust state remedies sua sponte. Stone v. City and County of San Francisco, 968 F.2d 850, 855-56 (9th Cir. 1992), cert. denied, 506 U.S. 1081 (1993). Petitioner has the burden of demonstrating he has exhausted available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam); Rollins v. Superior Court, 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010).

In the present proceeding, petitioner affirmatively represents that this matter is pending on appeal and, as noted above, the docket of his case in the California

Court of Appeal reflects that it remains pending in such court.  The Court further takes judicial notice of the dockets of the California Supreme Court, available via http://appellatecases.courtinfo.ca.gov, which contain no record of petitioner having sought relief in such court.  Accordingly, it plainly appears from the face of the Petition, as well as matters as to which the Court has taken judicial notice, that petitioner cannot meet his burden to demonstrate that his claims have been exhausted.

Although it is clear that the California Supreme Court has not been presented with and has not addressed petitioner's claims, the exhaustion requirement may nonetheless be satisfied if petitioner's claims are clearly procedurally barred under state law.  See Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Johnson v. Zenon, 88 F.3d 828, 831 (9th Cir. 1996).  In this case, particularly given the pendency of the state appeal in the Court of Appeal, it is not at all "clear" that the California Supreme Court would deem petitioner's claims procedurally barred under state law if he were to raise them on direct appeal or in a habeas petition in the California Supreme Court.  See In re Harris, 5 Cal. 4th 813, 825 (1993) ("[H]abeas corpus has become a proper remedy in this state to collaterally attack a judgment of conviction which has been obtained in violation of fundamental constitutional rights.") (citations omitted); People v. Sorenson, 111 Cal. App. 2d 404, 405 (1952) (claims that fundamental constitutional rights have been violated may be raised by state habeas petition).  However, this Court expresses no opinion regarding whether consideration of petitioner's claims might be foreclosed by the principles discussed in In Re Clark, 5 Cal. 4th 750, 763-87 (1993).  The California Supreme Court should evaluate the matter in the first instance.  Even if an applicable state procedural bar exists, the California Supreme Court nevertheless might choose to reach the merits of petitioner's claims.  See, e.g., Park, 202 F.3d at 1151-52.

///

Once, as in this case, a Court determines that a habeas petition contains only unexhausted claims, it may dismiss the petition for failure to exhaust. <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006). Accordingly, because the Petition in this case is wholly unexhausted, dismissal thereof on this ground is also appropriate.

**III. ORDER**

IT IS THEREFORE ORDERED that the Petition is dismissed without prejudice and that Judgment be entered accordingly.

DATED: April 8, 2015

_____
HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

Presented by:[1]

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[1] Pursuant to Local Rule 72-3.2, the Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge.